A. David Youssefyeh (SBN 185994)
david@adylaw.com
ADY Law Group PC
1925 Century Park East, Suite 220
Los Angeles, CA 90067
Telephone:  (310) 772-2872
Facsimile:   (310) 772-0020
Attorneys for Plaintiff,
AMERICAN COVER DESIGN 26, INC

Daniel C. Cotman (SBN 218315)
dan@cotmanlaw.com
Edward C. Schewe (SBN 143554)
ed@cotmanlaw.com
Griffin S. Lee (SBN 283607)
griffin@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
Tel:  (626) 405-1413
Fax: (626) 316-7577
Attorneys for Defendant
LA TRIM & RUGS, INC.
,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN COVER DESIGN 26, INC., a California corporation,, <br><br> Plaintiff, <br><br> v. <br><br> LA TRIM & RUGS, INC. dba LA RUG LINENS, a California corporation; and DOES 1-10, et al., <br><br> Defendants. | Case No. 2:19-cv-01211-AB-MAA <br><br> Hon. Andre Birotte Jr. <br><br> **JOINT RULE 26(f) REPORT** <br><br> **Scheduling Conference** <br> Date: November 15, 2019 <br> Time: 10:00 a.m. <br> Courtroom: 7B |

Counsel for the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, the Local Rules, and prepared the following joint report.

I. NATURE OF THE ACTION AND STATUS OF THE PLEADINGS

    A. **Plaintiff's Summary of the Case**

Plaintiff is the owner of Copyright No. VA 1-652-036. Plaintiff has filed a Complaint against Defendant alleging willful copyright infringement as well as vicarious and/or contributory copyright infringement in connection with Defendant's sale of knock-off area rugs which bear Plaintiff's copyrighted design.

    B. **Defendant's Summary of the Case**

The Complaint was filed on February 18, 2019 over different rug designs. Defendant LA Trim & Rugs (LATR) was founded in January 2004 and has its principal place of business in downtown Los Angeles. LATR is a leading supplier of high-end rugs to customers across the country through its retail store and through on-line sales.

Defendant denies all copyright infringement claims and denies Plaintiff suffered any damage or is entitled to statutory damages. The reasons include the fact that Defendant's rug design is visually dissimilar compared to Plaintiff's design. Strikingly, Plaintiff has not provided any plausible facts, and there is no proof, that Defendant copied any original, protectable element of Plaintiff's copyrighted design.

The standard for infringement is unlawful appropriation, namely, evidence that defendant copied the protectable elements of the copyrighted work. That is not the case here. No protectable element is identified in the Complaint.

For example, Plaintiff's rug used a whale for the letter "W" and an X-Ray machine for the letter "X." Defendant instead uses a walrus for "W" and a bird, perhaps a Xenops, for the letter "X."  The two designs share only similar concepts or ideas of using the alphabet and various characters to teach children. Such common concepts or ideas are not protected by copyright law and are not original to Plaintiff's design.

There is no contributory infringement as a matter of law because Plaintiff failed to identify a third-party infringer; no third-party is identified at all in the Complaint. Secondary liability for copyright infringement does not exist in the absence of direct infringement <u>by a third party</u>. *A&M Records v. Napster*, 239 F.3d 1004, 1013 n. 2 (9th Cir. 2000). Without establishing this preliminary requirement for a claim of contributory/vicarious copyright infringement, Plaintiff's claim inherently fails. Defendant seeks an immediate dismissal of this claim.

### C. Subject Matter Jurisdiction

Jurisdiction arises out of a federal question under Copyright Act of 1976, 17 U.S.C. § 101 et seq.

### D. Legal Issues

<u>Plaintiff's Statement</u>

The key legal issue is whether Defendant violated Plaintiff's copyright.

<u>Defendant's Statement</u>

The key legal issue for Plaintiff's direct infringement claim is whether Plaintiff can show any original, protectable elements of its rug design and that Defendant unlawfully appropriated any protected elements in its copyrighted design. The key legal issue for Plaintiff's claim for contributory infringement claim is whether Plaintiff can show infringement by a still unidentified third party and avoid an immediate dismissal of this claim.

### E. Parties/Documents

<u>Plaintiff</u>

 Parties – Elyas Myers

 Documents – All documents relating to the purchase and sale of the infringing rugs by Defendant.

<u>Defendant</u>

 For LATR, Mr. Arash Iloolian and Mr. Omid Ilvalian.

 Documents include Plaintiff's rug design and Defendant's accused rug.

A percipient witness includes Plaintiff's principal, Mr. Myers.

### F.     Damages

Plaintiff's Statement

Unknown pending completion of discovery.

Defendant's Statement

Defendant is not presently seeking damages.

### G.     Insurance

Defendant was advised of insurance coverage by its insurer Liberty Mutual Insurance who has agreed to provide a defense with a reservation of rights. The applicable policy limits are $1M/$2M general aggregate.

### H.     Procedural Status of the Case

Plaintiff filed this action on February 18, 2019. Defendants filed an Answer on July 12, 2019. The Court has not yet issued any scheduling orders. There are no pending motions and the parties have not yet exchanged discovery requests.  The parties have had discussions about settlement and Plaintiff is in the process of drafting a settlement agreement for comment.

### I.     Amendment of Pleadings

If there is not settlement Plaintiff intends to amend the Complaint to add the party from whom Defendant purchased the offending rugs as an additional defendant.

Defendant's Statement

Defendant does not intend to seek any amendment. Defendant proposes that any motions to join other parties or to amend the pleadings are to be filed within sixty (60) days of the Scheduling Conference (by January 14, 2020) and noticed for hearing within ninety (90) days of the Scheduling Conference (by February 14, 2020).

    **J.**    **Dispositive Motions**

Plaintiff – Motion for Summary Judgment re liability of Defendant.

Defendant - Motion for Summary Judgment of Noninfringement and Dismissal of the Contributory Infringement claim.

## II. DISCOVERY PLAN

### A. Initial Disclosures

Plaintiff's Statement

The parties have not made initial disclosures. Plaintiff proposed the Parties agree to exchange initial disclosures by November 29, 2019.

Defendant's Statement

Defendant proposes that the parties make their initial disclosures by November 8, 2019 pursuant to F.R.Civ.P. 26(a)(1)(C).

### B. What changes should be made, if any, in the limitations on discovery imposed under the Fed. R. Civ. P.

The parties agree to limit their discovery to the limitations imposed under the FRCP and they reserve the right to seek additional discovery if needed.

### C. Electronically Stored Information ("ESI") – FRCP 34(b)(D) and (E)

Plaintiff anticipates seeking discovery of ESI, particularly e-mail communications and information stored in the opposing party's databases. The parties agree to evaluate the need for specific discovery procedures relating to requests for ESI discovery and will work together in good faith to establish a mutually agreeable search protocol.

Defendant's Statement

Defendant proposes that no changes be made to the requirements of FRCP Rules 26 and 34.

### D. Timing of Discovery Requests

Discovery requests (interrogatories and document requests) shall be propounded

no later than 40 days before the deadlines for completion of discovery.

<u>Defendant's Statement</u>

Defendant proposes that no changes be made to the requirements of FRCP Rules 26, 33 and 34 and discovery should not be conducted in phases or otherwise limited.

### E. **Expert Discovery**

Plaintiff likely will disclose expert witnesses on the following topics: damages and topics in rebuttal to opinions offered by Defendant's experts.

<u>Defendant's Statement</u>

Defendants will likely disclose expert witnesses on Plaintiff's infringement claim and in rebuttal to Plaintiff's experts if any on liability and damages.

## III. TRIAL ESTIMATE

Plaintiff seeks a trial by jury. Plaintiff estimates that it will call 3-4 witnesses.

Defendant estimates that it will call 2-3 fact witnesses and additional 1-2 expert witnesses as needed for any remaining liability and damages issues.

The parties concur that this matter may be tried in 4-6 days.

## IV. TRIAL COUNSEL

Plaintiff will be represented by A. David Youssefyeh and Liza Youssefyeh.

Defendant will be represented by Edward C. Schewe and Griffin S. Lee.

## V. INDEPENDENT MASTER

Neither side believes that one is required.

## VI. SETTLEMENT DISCUSSIONS

The parties have not yet engaged in any settlement discussions. The parties anticipate exchanging a draft of a proposed settlement agreement within the next 30 days. The parties are open to a referral to the Court mediation panel.

## VII. COMPLEX CASE DESIGNATION

The parties agree that this case is not complex and that none of the procedures of the Manual for Complex Litigation should be utilized.

## VIII. LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

Plaintiff anticipates adding the person Defendant purchased the infringing rugs from as an additional defendant if the matter does not settle.

Defendant does not anticipate adding parties to the case

## IX. PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF

The parties do not believe that severance, bifurcation, or other special procedures for ordering of proof will be needed.

Dated: November 1, 2019     Cotman IP

By: _/s/ Edward C. Schewe_
        Edward C. Schewe

Attorneys for Defendant,
LA TRIM & RUGS, INC.

Dated: October 31, 2019     ADY LAW GROUP PC

By: _/s/ A. David Youssefveh_
        A. David Youssefyeh

Attorneys for Plaintiff,
AMERICAN COVER DESIGN 26, INC

## **CERTIFICATION OF SIGNATURES AND APPROVAL**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Edward C. Schewe, counsel for Defendant herein, on whose behalf the joint filing is submitted, concurs in the content of this joint filing and has authorized the joint filing.

ADY LAW GROUP PC

By: */s/ A. David Youssefyeh*
      A. David Youssefyeh

Attorneys for Plaintiff,
AMERICAN COVER DESIGN 26, INC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Dated: October 31, 2019  /s/ *A. David Youssefveh*
A. David Youssefyeh

Case 2:19-cv-01211-AB-MAA   Document 22   Filed 07/19/19   Page 7 of 7   Page ID #:79

## JUDGE ANDRE BIROTTE JR.
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

| Case No. | Case Name: | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [✓] Jury Trial or [ ] Court Trial (***Tuesday** at 8:30 a.m., within 18 months after Complaint filed*) Estimated Duration: 4-6 Days | | 9/15/2020 | 7/14/2020 | [ ] Jury Trial [ ] Court Trial ___ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (***Friday** at 11:00 a.m., at least 17 days before trial*) | | 8/20/2020 | 6/26/2020 | |
| **Event** [1] *Note: Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week.* | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to *Hear* Motion to Amend Pleadings/Add Parties *[Friday]* | | 7/10/2020 | 2/14/2020 | |
| Non-Expert Discovery Cut-Off (**no later than deadline for *filing* dispositive motion**) | 17 | 4/30/2020 | 2/28/2020 | |
| Expert Disclosure (Initial) | | 5/15/2020 | 3/10/2020 | |
| Expert Disclosure (Rebuttal) | | 6/1/2020 | 3/24/2020 | |
| Expert Discovery Cut-Off | 12 [2] | 7/1/2020 | 4/3/2020 | |
| Last Date to *Hear* Motions *[Friday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 8/7/2020 | 4/17/2020 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select one:* [ ] 1. Magistrate Judge *(with Court approval)* [✓] 2. Court's Mediation Panel [ ] 3. Private Mediation | 10 | 4/30/2020 | 4/17/2020 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 7/31/20 | 6/5/2020 | |
| **Trial Filings (second round)** • Oppositions to Motions In Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions *(jury trial only)* • Disputed Proposed Jury Instructions *(jury trial only)* • Joint Proposed Verdict Forms *(jury trial only)* • Joint Proposed Statement of the Case *(jury trial only)* • Proposed Additional Voir Dire Questions, if any *(jury trial only)* • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 8/14/20 | 6/12/2020 | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.*

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.